**CHRISTENSEN JAMES & MARTIN, CHTD.**
Evan L. James, Esq. (7760)
Daryl E. Martin, Esq. (6735)
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: elj@cjmlv.com; dem@cjmlv.com; djl@cjmlv.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

AUSTSON ARBI,

        Plaintiff,

vs.

SYNERGY USA LLC, a Nevada Limited-
Liability Company, d/b/a SENIOR
RESIDENTIAL CARE, SENIOR
RESIDENTIAL CARE CENTENNIAL,
SENIOR RESIDENTIAL CARE
SUMMERLIN, SENIOR RESIDENTIAL
CARE VISTA, SRC SOUTHWEST;
SHIMMER LLC, a Nevada Limited-Liability
Company; SHIMMER LLC SERIES 2, a
Nevada Series Limited Liability Company;
SHIMMER LLC SERIES 3, a Nevada Series
Limited Liability Company; SHIMMER LLC
SERIES 4, a Nevada Series Limited Liability
Company; SHIMMER LLC SERIES 5, a
Nevada Series Limited Liability Company;
SHIMMER LLC SERIES 7, a Nevada Series
Limited Liability Company; SHARPE
SERVICES LLC, a Nevada Limited-Liability
Company, d/b/a SRC SOUTHWEST, SRC
CENTENNIAL, SRC SUMMERLIN, SRC
ANTHEM, SRC CARE HOMES, SCR
SENIOR; MARIA-BEATRICE TIOLECO
MERCADO-SHIMADA, an Individual; SHANE
K. SHIMADA, an Individual; DOE
INDIVIDUALS I-X; and ROE BUSINESS
ENTITIES I-XX,

        Defendants.

CASE NO.:

NOTICE OF REMOVAL

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

To:  The Honorable Judges of the United States District Court for the District of Nevada

Defendants, acting by and through their attorneys, Christensen James & Martin, Chtd., do hereby give notice of its desire to exercise its rights under the provisions of Title 28 U.S.C. §§ 1331, 1441, and 1446 and do hereby remove this action from Department 11 of the Eighth Judicial District Court in and for Clark County, Nevada, in which said action is now pending under Case No. A-23-877501-C, to the United States District Court for the District of Nevada, and for grounds in support hereof, while reserving the right to challenge the sufficiency of service of process and to assert all procedural and substantive challenges, states as follows:

1.      Plaintiff commenced Case No. A-23-877501-C by filing a Complaint naming Defendants on September 8, 2023.

3.      Defendants received a copy of the Summons and Complaint on November 14, 2023.

4.      Exhibit "A" attached hereto consists of a true and correct copy of the Complaint from Case No. A-23-877501-C. Consistent with applicable rules, Defendants will obtain and will promptly file with this Court copies of all other pleadings on file with the state court, if any.

5.      In connection with the five causes of action stated in the Complaint, Plaintiff has averred that Defendants violated compensation and wage laws under the Federal Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and NRS 608, *et seq.*

6.      This Case is removable to the District Courts of the United States pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under which United States District Courts "…have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The first and second causes of action in Plaintiff's Complaint present federal questions under the FLSA.

7.      As for Plaintiff's remaining state law claims, the United States District Court has supplemental jurisdiction under 28 U.S.C. § 1367 because they form part of the same case

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

or controversy under Article III. "Nonfederal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (internal quotation marks omitted) (citation omitted). Here, Plaintiff's claims—state and federal—all arise from a common nucleus of operative facts. The Court should therefore exercise supplemental jurisdiction over the state law claims.

8.    Thirty days have not elapsed since Defendants were served with the Complaint in this action.

9.    A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Eighth Judicial District Court of Nevada.

9.    All served defendants have consented to removal of the Case to this Court. Submitted this 1st day of December, 2023.

CHRISTENSEN JAMES & MARTIN, CHTD.

By:  _/s/ Dylan J. Lawter_
Dylan J. Lawter, Esq.
Nevada Bar No. 15947
*Attorneys for Defendants*

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

**CERTIFICATE OF SERVICE**

I am over the age of 18. I am employed by and am readily familiar with the practices of Christensen James & Martin ("Firm"). I certify that on the date of filing of the foregoing papers with the Clerk of Court the Firm caused a true and correct file-stamped copy of the NOTICE OF REMOVAL to be served in the following manner:

☐    ELECTRONIC SERVICE:    Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court, and by direct email generated by my office, sent to _____.

☒    UNITED STATES MAIL:    By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to counsel for the Plaintiff:

> KEMP & KEMP
> 7435 W Azure Drive, Suite 110
> Las Vegas, NV 89130

☐    OVERNIGHT COURIER:    By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐    FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

CHRISTENSEN JAMES & MARTIN, CHTD.

By: _/s/ Natalie Saville_

*CHRISTENSEN JAMES & MARTIN, CHTD.*
*7440 WEST SAHARA AVE, LAS VEGAS, NEVADA 89117*
*PH: (702) 255-1718 § FAX: (702) 255-0871*

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# EXHIBIT A

Electronically Filed
9/8/2023 6:57 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Austson Arbi*

CASE NO: A-23-877501-C
Department 11

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| AUSTSON ARBI, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | **COMPLAINT** |
| SYNERGY USA LLC, a Nevada Limited-Liability Company, d/b/a SENIOR RESIDENTIAL CARE, SENIOR RESIDENTIAL CARE CENTENNIAL, SENIOR RESIDENTIAL CARE SUMMERLIN, SENIOR RESIDENTIAL CARE VISTA, SRC SOUTHWEST; SHIMMER LLC, a Nevada Limited-Liability Company; SHIMMER LLC SERIES 2, a Nevada Series Limited-Liability Company; SHIMMER LLC SERIES 3, a Nevada Series Limited-Liability Company; SHIMMER LLC SERIES 4, a Nevada Series Limited-Liability Company; SHIMMER LLC SERIES 5, a Nevada Series Limited-Liability Company; SHIMMER LLC SERIES 7, a Nevada Series Limited-Liability Company; SHARPE SERVICES LLC, a Nevada Limited-Liability Company, d/b/a SRC SOUTHWEST, SRC CENTENNIAL, SRC SUMMERLIN, SRC ANTHEM, SRC CARE HOMES, SCR SENIOR; MARIA-BEATRICE TIOLECO | **Arbitration Exemption: action seeking equitable or extraordinary relief**  **JURY TRIAL DEMANDED** |

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

1

1  MERCADO-SHIMADA, an Individual;
2  SHANE K. SHIMADA, an Individual; DOE
   INDIVIDUALS I-X; and ROE BUSINESS
3  ENTITIES I-XX,

4                        Defendants.

5

6      COMES NOW Plaintiff AUSTSON ARBI, an individual, and hereby alleges and

7  complains against all Defendants as follows:

8                            **JURISDICTION**

9      1.  This civil action arises under the Fair Labor Standards Act ("FLSA") and Nevada state

10 law, for Defendants' failure to pay lawful wages to Plaintiff. Plaintiff customarily worked for

11 Defendants but was not paid all his lawful wages for time worked, including but not limited, a

12 failure to pay Plaintiff a lawful minimum wage for each hour worked up to and including forty

13 hours per week, and a failure to pay Plaintiff a lawful wage for each hour worked over forty

14 hours per week and/or over eight hours per day.

15
16     2.  Defendants' unlawful compensation practice has had the effect of denying Plaintiff his

17 earned wages, including but not limited to, minimum and overtime wages for his employment

18 with Defendants during the relevant statutory time period.

19
20     3.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b)

21 which states in relevant part that this action may be maintained in any Federal or State court of

22 competent jurisdiction.

23     4.  All the various violations of law that are alleged herein were committed intentionally

24 and willfully by Defendants.

25     5.  Venue is proper in this Court as the actions and conduct giving rise to this Complaint

26 took place in Clark County, Nevada.

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

6. This Court has jurisdiction over this case as the amount in controversy is in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

7. Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through XX, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint.

8. Unless otherwise by way of right, Plaintiffs will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

## FACTS COMMON TO ALL CLAIMS

9. The employment relationship alleged to exist between all Defendants and Plaintiff is subject to the FLSA. These Defendants are properly deemed "employers," and are jointly and severally liable, because they have acted "directly or indirectly in the interest of an employer in relation to any employee," and more specifically in relation to Plaintiff, and have also done so on behalf of the interests of "an enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, that has in excess of $500,000 in yearly revenue and the employment alleged involved the use or handling of goods that have moved or were moving in interstate commerce, or the amount of business conducted is in excess of $500,000.

10. SYNERGY USA LLC ("Synergy") is a third-party staffing agency for Residential Facilities for Groups, as defined under Nevada Administrative Code Chapter 449, caring for residents who are elderly, disabled, suffering from chronic illnesses, mental illness, and/or Alzheimer/dementia.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

3

11. Synergy has known DBAs of Senior Residential Care, Senior Residential Care Centennial, Senior Residential Care Summerlin, Senior Residential Care Vista, and SRC Southwest.

12. Synergy staffs five (5) Residential Facilities for Groups.

13. The U.S. Department of Labor ("DOL") previously found that Synergy had committed 42 violations of the FLSA - Case Identification Number 1845848. The DOLs findings end date was March 23, 2018. Synergy's Federal North American Industry Classification ("NAICS") number is 623990 - Other Residential Care Facilities.

14. The DOL negotiated a settlement on behalf of 27 Synergy employees encompassing 42 FLSA violations for unpaid minimum and overtime wages.

15. The Individual Defendants, MARIA-BEATRICE TIOLECO MERCADO-SHIMADA ("Mercado- Shimada") and SHANE K. SHIMADA ("Shimada"), during the three years preceding the filing of this Complaint, were authorized and empowered by Synergy and SHIMMER LLC ("Shimmer"), and its series, controlling significant aspects of the Plaintiff's work. The Individual Defendants exercised that power to include, but not limited to, hiring and firing employees, control over work schedules, determining staffing levels, control of operational policies, control over employees' normal day-to-day activities, frequent on-site supervision, control of decisions on how the employees were paid, was the person(s) responsible for handling payroll, and decisions, if made by other, subordinate managers of such businesses.

16. Mercado-Shimada is the managing member of Synergy.

17. Upon information and belief, Shimada is a member of Synergy.

18. Mercado-Shimada and Shimada are husband and wife.

19. Shimmer's name is derived from combining [SHIM]ada and [MER]cado.

20. Mercado-Shimada is licensed as a Registered Facility Administrator by the Nevada Board of

1   Examiners for Long Term Care Administrators, license number 9331. Original date of licensure is

2   05/15/2013.

3   21. Mercado-Shimada was the Registered Facility Administrator for Synergy, as defined under

4   the Nevada Administrative Code Chapter 449, during the times complained of herein, and was legally

5

6   responsible for the care of residents and the day-to-day management of the five (5) facilities including

7   the day-to-day management of employees.

8   22. Upon information and belief, Mercado-Shimada is a natural person who resided in the State of

9   Nevada, County of Clark, at all relevant times herein.

10   23. Upon information and belief Mercardo-Shimada is also known as Maria Beatrice Tioleco

11   Mercado, Maria-Beatrice Tioleca Mercado, Beatrice Shimada, Maria Beatrice T Mercado, Beatrice T

12   Mercado, Beatrice Mercado, B M Shimada, Maria-Beatice Mercado, Maria Beatrice Tioleco M

13   Shimada, Maria B T, Maria B S, Beatrice Stemen and Shim Bee, among others.

14   24. Mercado-Shimada is licensed as a Registered Nurse by the Nevada State Board of Nursing,

15

16   license number RN52467, NCSBN ID number 20653417. The license is issued in the name of Maria

17   Beatrice Tioleco Mercado.

18   25. Upon information and belief, Shimada is a natural person who resided in the State of Nevada,

19   County of Clark, at all relevant times herein.

20

21   26. Shimada is the managing member of Shimmer.

22   27. Upon information and belief, Mercado-Shimada is a member of Shimmer.

23   28. Shimmer is the Master/Parent/Mothership of the Series LLCs contained therein and which

24   own the five (5) properties staffed by Synergy. The locations and currently known Series LLC

25   designations are as follows: (1) 80 Alerion Street ("Alerion"), Las Vegas, NV 89138 - SHIMMER

26   LLC *SERIES 5* ; (2) 7864 Apache Cliff ("Apache Cliff"), Las Vegas, NV 89113- SHIMMER LLC

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

5

*SERIES 7*; (3) 8204 Cabin Springs Avenue ("Cabin Springs"), Las Vegas, NV 89131- SHIMMER LLC *SERIES 2* ; (4) 2269 Pacini Court, Henderson, NV 89052- SHIMMER LLC *SERIES 4*; and, (5) 11188 Salentino, Las Vegas, NV 89138- SHIMMER LLC *SERIES 3*.

29. Shimmer controlled significant aspects of the Plaintiff's work including hiring and firing employees, control over work schedules, determining staffing levels, control of operational policies, control over employees' normal day-to-day activities, frequent on-site supervision, control of decisions on how the employees were paid, was the person(s) responsible for handling payroll, and decisions, if made by other, subordinate managers of such businesses.

30. Upon information and belief, Shimada is a member of each series LLC contained in the Shimmer Mothership.

31. Upon information and belief, Mercado-Shimada is a member of each series LLC contained in the Shimmer Mothership.

32. Alerion is a 4-bedroom 3-bath home designated by the Nevada Department of Health and Human Services, Division of Public and Behavioral Health, credential number 7502-AGC-12, as a Category II (non-Alzheimer) facility accommodating up to 9 residents.

33. Apache Cliff is a 4-bedroom 3-bath home designated by the Nevada Department of Health and Human Services, Division of Public and Behavioral Health, credential number 9733-AGC-3, as a Category II (Alzheimer) facility accommodating up to 10 residents.

34. Cabin Springs is a 4-bedroom 2.5-bath home designated by the Nevada Department of Health and Human Services, Division of Public and Behavioral Health, credential number 3287-AGC-28, as a Category II (non-Alzheimer) facility accommodating up to 9 residents.

35. Pacini is a 4-bedroom 3.5-bath home designated by the Nevada Department of Health and Human Services, Division of Public and Behavioral Health, credential number 5636-AGC-17, as a

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

6

Category II (Alzheimer) facility accommodating up to 10 residents.

36. Salentino is described in the Clark County assessor records as being a 4-bedroom 3 bath home with one bedroom downstairs and three upstairs; however, that home was modified by Defendants.

37. Salentino is designated as a facility where the number of residents cannot exceed two (2) because of the level of care required for the patients.

38. At Salentino, Defendants converted part of the downstairs living room area into another bedroom.

39. Of the three bedrooms on the second level at Salentino, only the smallest bedroom was used as such. That bedroom was occupied by Ryan (LNU) and was kept locked while Ryan was away working at Defendants' other locations. The other small bedroom was used as a file storage space and to house supplies and was kept locked. The master bedroom was office space for Synergy and occupied by Mercado-Shimada. That office was kept locked.

40. There was a landing area at the top of the stairs on the second level of Salentino large enough to be utilized as an office for Shimada/Shimmer and Administrative Assistant REAYA CUSTODIO ("Custodio").

41. At the Salentino offices were computers which were used for, among other things, 24-hour video and audio recording and monitoring of each of the five (5) properties list at ¶ 28.

42. Shimado also worked at the five facilities listed at ¶ 28 as a Caregiver when he was unable to find someone on short notice to fill that position.

43. SHARPE SERVICES LLC ("Sharpe") was formed as a Nevada Limited-Liability Company on 12/16/2022.

44. Known DBAs of Sharpe include SRC Southwest, SRC Centennial, SRC Summerlin, SRC Anthem, SRC Care Homes, and SCR Senior.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

7

45. Custodio is the managing member of Sharpe.

46. Upon information and belief, Sharpe became the successor in interest to Synergy in December 2022.

47. Upon information and belief, Mercado-Shimada is a member of Sharpe.

48. Upon information and belief, Shimada is a member of Sharpe.

49. Plaintiff was a non-exempt Caregiver employed by Defendants within the three-years preceding the filing of this lawsuit.

50. Plaintiff worked for Defendants from approximately January 2017 through mid-September 2021.

51. The majority and primary duties of Plaintiff were to provide care for residents including dressing, grooming, feeding, bathing, toileting, and transferring.

52. On July 1, 2020, Nevada's minimum wage was increased for workers not having qualifying health benefits from $ 8.25 per hour to $ 9.00 per hour.

53. On July 1, 2021, Nevada's minimum wage was increased for workers not having qualifying health benefits from $ 9.00 per hour to $ 9.75 per hour.

54. Plaintiff did not have qualifying health benefits while employed by Defendants.

55. Defendants did not have set pay dates for Plaintiff.

56. Defendants paid Plaintiff off the books.

57. Defendants did not issue to Plaintiff any tax documentation such as IRS Form W2 or IRS Form 1099.

58. Defendants misclassified Plaintiff.

59. Plaintiff is owed back minimum and overtime wages for his employment with Defendants.

60. Plaintiff's daily work schedule was set by Defendants. He typically worked 12-hour back-to-

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

8

back shifts for Defendants. Shifts were 7 am – 7 pm (day shift) and 7 pm – 7 am (night shift).

61. Defendants paid Plaintiff $ 70.00 for each 12-hour day shift and $30.00 for each 12-hour night shift.

62. For instance, during the period of March 18-March 31, 2021, Plaintiff worked 7-day shifts (7 am – 7 pm) for a total of **84** hours (7 x 12), and 10-night shifts, 7 pm – 7 am, for a total of **120** hours (10 x 12). Total hours worked is **204**.

63. On or about April 1, 2021, Defendants paid Plaintiff a total of $790.00 for the two-week period of March 18-March 31, 2021, for the 204 hours he worked.

64. For that two-week period of March 18, 2021 – March 31, 2021, Plaintiff was paid an effective hourly rate for the day shifts of **$5.83 per hour** [($70.00 x 7) ÷ 84]. This is $3.16 below Nevada's minimum wage of $9.00 per hour. Defendants owe Plaintiff **$265.44** in minimum wage ($3.16 x 84). For those weeks, Plaintiff was paid an effective hourly rate for the night shifts of $ **2.50 per hour** [(10 x $30.00) ÷ 120]. This is $6.50 below Nevada's minimum wage of $9.00 per hour. Defendants owe Plaintiff **$780.00** ($6.50 x 120) in minimum wages.

65. For the two-week period of March 18, 2021 – March 31, 2021, Plaintiff worked 124 hours of overtime (204-80). The overtime wages owed Plaintiff at $4.50 per hour ($9.00 ÷ 2) is **$558.00** ($4.50 x 124).

66. Defendants owe Plaintiff **$1,603.44** in minimum and overtime wages for the two-week period of March 18, 2021 – March 31, 2021.

67. As another example, during the period of April 1, 2021 – April 15, 2021, Plaintiff worked 12-day shifts (7 am – 7 pm) for a total of **144** hours (7 x 12), and 12-night shifts, 7 pm – 7 am, for a total of **144** hours (10 x 12). Total hours worked **288.** Defendants paid Plaintiff a total of $1,200.00 for the 288 hours he worked for that time. This equates to $70.00 per day shift ($70.00 x 12 = $840.00) and

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

9

$30.00 per night shift ($30.00 x 12 = $360.00).

68. Plaintiff was paid an effective hourly rate for the day shifts of **$5.83 per hour** [($70.00 x 12) ÷ 144]. This is $3.16 below Nevada's minimum wage of $9.00 per hour. Defendants owe Plaintiff **$455.04** in minimum wages ($3.16 x 144). For those weeks, Plaintiff was paid an effective hourly rate for the night shifts of **$ 2.50 per hour** [(12 x $30.00) ÷ 144]. This is $6.50 below Nevada's minimum wages of $9.00 per hour. Defendants owe Plaintiff **$936.00** ($6.50 x 144) in minimum wages.

69. For the two-week period of period of April 1, 2021 – April 15, 2021, Plaintiff worked 208 hours of overtime (288-80). The overtime wages owed Plaintiff at $4.50 per hour ($9.00 ÷ 2) is **$936.00** ($4.50 x 208).

70. Defendants owe Plaintiff **$1,603.44** in minimum and overtime wages for the two-week period of April 1, 2021 – April 15, 2021.

### FIRST CAUSE OF ACTION:

### VIOLATIONS OF THE *MINIMUM WAGE* LAW UNDER THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. This count arises from Defendants' violation of the minimum wage law pursuant to the Fair Labor Standards Act.

73. Defendants misclassified Plaintiff. He was an employee and performed the duties of a Caretake, as stated above. No FLSA exemption is applicable to Plaintiff.

74. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to a minimum wage for all hours worked up to and including forty (40) hours per week. Plaintiff worked more than forty (40) hours per week for the Defendants during most (if not all) of the weeks during which he worked for Defendants. Defendants willfully failed to make said minimum wage payments.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

10

75. Defendants' violations of the FLSA were intentional and willful.

76. On this First Cause of Action, Plaintiff seeks judgment for unpaid minimum wages and additional liquidated damages of 100% of any unpaid minimum wages, such sums to be determined based upon an accounting of the hours worked by Plaintiff.

77. Plaintiff seeks an award of attorneys' fees, interest and costs as provided by the FLSA.

## SECOND CAUSE OF ACTION:

### VIOLATIONS OF THE *OVERTIME WAGE* LAW UNDER THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. This count arises from Defendants' violation of the Fair Labor Standard Act.

80. Defendants misclassified Plaintiff. He was an employee and performed the duties of a Caretake, as stated above. No FLSA exemption is applicable to Plaintiff.

81. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to an overtime hourly wage of time and one-half for all hours worked in excess of 40 per week. Plaintiff worked more than forty (40) hours per week for the Defendants during most (if not all) of the weeks during which he worked. Defendants willfully failed to make said overtime wage payments.

82. Defendants' violations of the FLSA were intentional and willful.

83. On this Second Cause of Action, Plaintiff seeks judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid minimum wages, such sums to be determined based upon an accounting of the hours worked by Plaintiff.

84. Plaintiff seeks an award of attorneys' fees, interest and costs as provided by the FLSA.

## THIRD CAUSE OF ACTION:

### VIOLATIONS OF NEVADA *MINIMUM* WAGE LAW AGAINST ALL DEFENDANTS

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

11

1    86. Defendants' failure and refusal to pay minimum wages as set forth herein violates Nevada

2    Constitution Article 15, Section 16.

3    87. Defendants misclassified Plaintiff.

4

5    88. Plaintiff has suffered damages in an amount to be determined at trial.

6    89. Defendants are liable under Nevada Constitution Article 15, Section 16.

7    90. Defendants' actions were intentional and willful.

8    91. Plaintiff has been forced to expend costs and incur fees to hire an attorney to pursue his rights

9    under the law.

10                          **FOURTH CAUSE OF ACTION:**

11                   **VIOLATIONS OF NEVADA *OVERTIME* WAGE LAW**
12                          **AGAINST ALL DEFENDANTS**

13    92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

14    93. Defendants have failed and refused to pay Plaintiff overtime wages for all hours worked in

15    excess of 8 per day, or 40 hours per week in violation of NRS 608.018.

16    94. Defendants are liable to overtime wages owed to Plaintiff at the rate of 1.5 times his hourly

17    rate of pay for all hours worked in excess of 8 hours per day, or 40 hours per week.

18

19    95. Defendants misclassified Plaintiff.

20    96. Plaintiff has suffered damages in an amount to be determined at trial.

21    97. Defendants are liable under Nevada Constitution Article 15, Section 16.

22    98. Defendants' actions were intentional and willful.

23    99. Plaintiff has been forced to expend costs and incur fees to hire an attorney to pursue his rights

24    under the law.

25

26                          **FIFTH CAUSE OF ACTION:**

27             **VIOLATIONS O F NEVADA REVISED STATUTES § 608.040**
                          **AGAINST ALL DEFENDANTS**

28

                                    12

100.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendants failed and neglected to timely pay the Plaintiff his final wages in accordance with NRS 608.040 in that they failed to pay to Plaintiff his final wages, including unpaid overtime wages, when due to Plaintiff within 3 days of his termination of employment. Indeed, his final pay to include unpaid overtime wages remains due and owing to this day.

102.    Defendants are liable to Plaintiff for the statutory penalty provided in NRS 608.040 in an amount of no less than $3,500.00.

103.    Plaintiff has been forced to expend costs and incur fees to hire an attorney to pursue his rights under the law.

## DEMAND FOR JUDGMENT FOR RELIEF

A. All applicable relief provided for under the Fair Lavor Standards Act and Nevada law including but not limited to;

    1.  Money damages for unpaid minimum and overtime wages, salary, employment benefits, or other compensation denied or lost due to the violations of law by Defendants;

    2.  An additional amount as liquidated damages equal to the sum of the amount of damages awarded for overtime compensation denied or lost due to the violation of FLSA by Defendant in accordance with 29 U.S.C. § 216(b)

    3.  Interest on the amounts awarded above at the prevailing rate;

    4.  For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

    5.  Equitable relief as may be appropriate;

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

13

6.    Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action as required pursuant to the FLSA and/or other applicable laws.

B.  All applicable remedies for Defendants' violation of NRS 608.018 failure to pay overtime.

C.  Prejudgment and Post-judgment interest on all applicable sums due.

D.  Money damages for unpaid final wages and the statutory penalty of thirty (30) days' pay at Plaintiff's regular rate of pay in accordance with NRS 608.040.

E.  For attorney fees and costs pursuant to applicable law.

F.  For trial by jury on all issues that may be tried by a jury.

G.  For such other and further relief as the Court may deem just and proper.

Dated this 8th day of September 2023.

/s/ Victoria L. Neal

JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130

Attorneys for Plaintiff
*Austson Arbi*

14